IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

MAXIMA INVESTMENTS, LLC        §
    *Plaintiff,*        §
            §
v.        §        CIVIL ACTION NO. 7:24-cv-00290
            §
SCOTTSDALE INSURANCE COMPANY        §
    *Defendant.*        §

### DEFENDANT SCOTTSDALE INSURANCE COMPANY'S FIRST AMENDED ANSWER & DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendant Scottsdale Insurance Company ("Scottsdale" or "Defendant") files this First Amended Answer and Defenses to Plaintiff Maxima Investments, LLC's ("Plaintiff") Original Petition, and would respectfully show as follows:

**I.**
### DEFENDANT SCOTTSDALE INSURANCE COMPANY'S FIRST AMENDED ANSWER

### I.        THE PARTIES

1.1.    Based upon information and belief, Defendant admits that Plaintiff owns the property made the basis of this suit and that the property is located at 9005 Travis Dr., Pharr, TX 78577 ("the Property").

1.2.    Defendant admits that it is a foreign insurance company authorized to do business in the State of Texas and that it may be served with process through its registered agent. Defendant further answers that it has been served and appeared in this case.

### II.        DISCOVERY

**DEFENDANT'S
EXHIBIT A**

2.1    Paragraph 2.1 of Plaintiff's Original Petition, which was filed in Texas state court, asserts that discovery should be conducted under the Texas Rules of Civil Procedure. Defendant asserts that discovery should be conducted under the Federal Rules of Civil Procedure.

### III.    CLAIM FOR RELIEF

3.1    Paragraph 3.1 of Plaintiff's Original Petition addresses the pleading requirements of the Texas Rules of Civil Procedure, and does not require a response. To the extent a response is required, Defendant denies the allegations set forth in paragraph 3.1 of Plaintiff's Original Petition. Defendant further denies that Plaintiff is entitled to the relief sought in paragraph 3.1 of Plaintiff's Original Petition. Defendant further admits this court has diversity jurisdiction over this lawsuit.

### IV.    JURISDICTION AND VENUE

4.1    Paragraph 4.1 of Plaintiff's Original Petition addresses subject-matter jurisdiction in Texas state court and does not require a response. To the extent a response is required, Defendant admits this Court has diversity jurisdiction over this lawsuit.

4.2    Paragraph 4.2 of Plaintiff's Original Petition addresses venue in Texas state court and does not require a response. To the extent a response is required, Defendant admits venue is proper in the United States District Court for the Southern District of Texas, McAllen Division. Defendant further admits that the Property is located within the McAllen Division of the United States District Court for the Southern District of Texas.

### V.    FACTUAL BACKGROUND

5.1    Defendant admits it issued insurance policy number CPS7768377 (the "Policy") to Plaintiff Maxima Investments, LLC, with effective dates April 7, 2023 to April 7, 2024, and which insured the Property, subject to the terms, exclusions and limitations of the Policy.

5.2     Defendant admits that on or about June 6, 2023, Plaintiff's representative reported an insurance claim for alleged storm damage to the Property occurring on or about April 28, 2023 to which Defendant assigned claim number 02135670 (the "Claim"). Defendant otherwise denies the allegations in Paragraph 5.2 of Plaintiff's Original Petition.

5.3     Defendant admits that it assigned claim number 02135670 to the Claim. Defendant otherwise denies the allegations in Paragraph 5.3 of Plaintiff's Original Petition.

5.4     Defendant denies the allegations in Paragraph 5.4 of Plaintiff's Original Petition.

5.5     Defendant admits that it initially assigned the Claim to claim associate D. Wes Ryan. Defendant admits that Ryan hired Seek Now to inspect the Property as part of Defendant's investigation of the damages alleged in the Claim. Defendant further admits that after Plaintiff retained counsel, Defendant reassigned the Claim to claim associate Chris Mullarkey. Defendant admits its retained counsel Phelps Dunbar hired the engineering firm UBSE to reinspect the Property. Defendant admits Richard Windham of UBSE reinspected the Property. Defendant otherwise denies the allegations in Paragraph 5.5 of Plaintiff's Original Petition.

5.6     Defendant denies the allegations in Paragraph 5.6 of Plaintiff's Original Petition.

5.7     Defendant denies the allegations in Paragraph 5.7 of Plaintiff's Original Petition.

## VI.    CAUSES OF ACTION

6.1    Paragraph 6.1 of Plaintiff's Original Petition incorporates the allegations in the previous paragraphs by reference. Defendant incorporates its corresponding responses herein, including all admissions and denials stated herein.

### A.  Breach of Contract

6.2     Defendant admits that the Policy constitutes a contract between Plaintiff and Defendant. Defendant denies the remaining allegations in Paragraph 6.2 of Plaintiff's Original Petition.

6.3     Defendant denies the allegations in Paragraph 6.3 of Plaintiff's Original Petition.

**B.  Prompt Payment of Claims Statute**

6.4     Defendant denies the allegations in Paragraph 6.4 of Plaintiff's Original Petition.

6.5     Defendant denies the allegations in Paragraph 6.5 of Plaintiff's Original Petition and further denies that Plaintiff is entitled to the relief sought therein.

**C.  Bad Faith/DTPA**

6.6     Defendant admits that it is required to comply with Chapter 541 of the Texas Insurance Code. Defendant further admits that it complied with Chapter 541 of the Texas Insurance Code in connection with its handling of the Claim.

6.7     Defendant denies the allegations in Paragraph 6.7 of Plaintiff's Original Petition, including subpart (1).

6.8     Defendant denies the allegations in Paragraph 6.8 of Plaintiff's Original Petition, including subparts (1) – (5).

6.9     Defendant denies the allegations in Paragraph 6.9 of Plaintiff's Original Petition, including subparts (1) – (5).

6.10     Defendant admits that Plaintiff was a consumer of the Policy purchased from Defendant. Defendant denies the remaining allegations in Paragraph 6.10 of Plaintiff's Original Petition.

6.11     Defendant denies the allegations in Paragraph 6.11 of Plaintiff's Original Petition, including subparts (1) – (3).

4

6.12    Defendant denies the allegations in Paragraph 6.12 of Plaintiff's Original Petition. Defendant further denies that Plaintiff is entitled to the relief sought in Paragraph 6.12 of Plaintiff's Original Petition.

### D.    Breach of Duty of Good Faith and Fair Dealing

6.13    Defendant denies the allegations in Paragraph 6.13 of Plaintiff's Original Petition.

6.14    Defendant denies the allegations in Paragraph 6.14 of Plaintiff's Original Petition.

### E.    Attorneys' Fees

6.15    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff has "agreed to pay reasonable attorney's fees and expenses through trial and any appeal," and therefore, denies the same. Defendant denies the remaining allegations in Paragraph 6.15 of Plaintiff's Original Petition.

6.16    Defendant denies the allegations in Paragraph 6.16 of Plaintiff's Original Petition and further denies that Plaintiff is entitled to the relief sought therein.

6.17    Defendant denies the allegations in Paragraph 6.17 of Plaintiff's Original Petition and further denies that Plaintiff is entitled to the relief sought therein.

### VII.    CONDITIONS PRECEDENT

7.1    Defendant denies the allegations in Paragraph 7.1 of Plaintiff's Original Petition.

### VIII.    DEMAND FOR JURY

8.1    Paragraph 8.1 of Plaintiff's Original Petition is a jury demand, which does not require a response.

### IX.    MOTION TO COMPEL MEDIATION UNDER TEXAS INSURANCE CODE & DTPA

9.1    Paragraph 9.1 of Plaintiff's Original Petition is a motion to compel mediation pursuant to the Texas Insurance Code. Defendant denies that this is a proper motion to compel

mediation. Answering further, federal courts have declined motions to compel mediation pursuant to the Texas Insurance Code because federal courts have determined that state law does not apply or control proceedings in federal court. *See Gasper v. Allstate Tex. Lloyds*, No. 7:22-cv-00004, 2022 U.S. Dist. LEXIS 17658, at *3 (S.D. Tex. Feb. 1, 2022) (denying a plaintiff's motion to compel mediation pursuant to Texas Insurance Code § 541.161).

## X.    PRAYER

10.1    Defendant denies the allegations in the Prayer of Plaintiff's Original Petition and denies that Plaintiff is entitled to the relief sought in the Prayer of its Original Petition.

## II.
## DEFENDANT SCOTTSDALE INSURANCE COMPANY'S DEFENSES

11.    In addition to the foregoing, Defendant asserts the following defenses to the allegations in Plaintiff's Original Petition:

### First Defense
### Policy Conditions, Limitations, and Exclusions

12.    Plaintiff cannot recover, in whole or in part, on its breach of contract claim, and consequently on any of the other causes of action alleged in Plaintiff's Original Petition, because the Policy contains conditions, limitations and exclusions negating coverage, in whole or in part, for the damages alleged by Plaintiff. Defendant's contractual obligations are determined by the terms, conditions, limitations, and exclusions contained in the Policy and Defendant relies on such terms, conditions, limitations, and exclusions in defense of the claims asserted against it. Potentially applicable Policy provisions include those listed below.

\*\*\*

### COMMON POLICY DECLARATIONS
Underwritten by: Scottsdale Insurance Company

Policy Number
CPS7768377

\*\*\*

ITEM 1. NAMED INSURED AND MAILING ADDRESS
MAXIMA INVESTMENTS LLC
***
ITEM 2. POLICY PERIOD: From 04-07-2023 To 04-07-2024
***

### SCHEDULE OF NAMED INSUREDS

**Named Insured:**
MAXIMA INVESTMENTS LLC
***

### SCHEDULE OF LOCATIONS
***

| Prem. No. | Bldg. No. | Designated Premises (Address, City, State, Zip Code) |
|---|---|---|
| 1 | | 9005 Travis Dr, Pharr, TX 78577 |
| 1 | 1 | 9005 Travis Dr, Pharr, TX 78577 |
| 1 | 2 | 9005 Travis Dr, Pharr, TX 78577 |

\*\*\*
## COMMERCIAL PROPERTY COVERAGE PART
## SUPPLEMENTAL DECLARATIONS
\*\*\*

| Prem. No. | Bldg. No. | Coverage | Limit of Insurance | Covered Causes of Loss | Coins. |
|---|---|---|---|---|---|
| 1 | 1 | Building | $1,428,000 | Special Ex-Theft | 80% |

\*\*\*

### Special Deductibles

**Wind or Hail**
**Form:** UTS-183g
**Amount:** 5% Subject to 5,000 Minimum

\*\*\*

| Prem. No. | Bldg. No. | Coverage | Limit of Insurance | Covered Causes of Loss | Coins. |
|---|---|---|---|---|---|
| 1 | 1 | Business Personal Property | $149,000 | Special Ex-Theft | 80% |

### Special Deductibles

**Wind or Hail**
**Form:** UTS-183g
**Amount:** 5% Subject to 5,000 Minimum

\*\*\*

| Prem. No. | Bldg. No. | Coverage | Limit of Insurance | Covered Causes of Loss | Coins. |
|---|---|---|---|---|---|
| 1 | 2 | Building | $87, 000 | Special Ex-Theft | 80% |

\*\*\*

| Prem. No. | Bldg. No. | Coverage | Limit of Insurance | Covered Causes of Loss | Coins. |
|---|---|---|---|---|---|
| 1 | 2 | Business Personal Property | $5,000 | Special Ex-Theft | 80% |

\*\*\*

### Special Deductibles

**Wind or Hail**
**Form:** UTS-183g
**Amount:** 5% Subject to 5,000 Minimum

\*\*\*

| Prem. No. | Bldg. No. | Coverage | Limit of Insurance | Covered Causes of Loss | Coins. |
|---|---|---|---|---|---|
| 1 | 2 | Building | $87, 000 | Special Ex-Theft | 80% |

\*\*\*

### Special Deductibles

**Wind or Hail**
**Form:** UTS-183g
**Amount:** 5% Subject to 5,000 Minimum
\*\*\*

## BUILDING AND PERSONAL PROPERTY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section H. Definitions.

### A. Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

    **1. Covered Property**

    Covered Property, as used in this Coverage Part, means that the type of property described in this section, A.1., and limited in A.2. Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property.

        **a. Building,** meaning the building or structure described in the Declarations, including:

            (1) Completed additions;

            (2) Fixtures, including outdoor fixtures;

            (3) Permanently installed:

                (a) Machinery; and

                (b) Equipment;

      \*\*\*

            (5) If not covered by other insurance:

                (a) Additions under construction, alterations and repairs to the building or structure;

                \*\*\*

    **2. Property Not Covered**

    Covered Property does not include:

    \*\*\*

        k. Property that is covered under another coverage form of this or any other policy in which it is more specifically described, except for the excess of the amount due (whether you can collect on it or not) from that other insurance;

        \*\*\*

    **3. Covered Causes of Loss**

    See applicable Causes of Loss form as shown in the Declarations.

**4. Additional Coverages**
    **a. Debris Removal**
        (1) Subject to Paragraphs (2), (3) and (4), we will pay your expense to remove debris of Covered Property and other debris that is on the described premises, when such debris is caused by or results from a Covered Cause of Loss that occurs during the policy period. The expenses will be paid only if they are reported to us in writing within 180 days of the date of direct physical loss or damage.

\*\*\*

        (3) Subject to the exceptions in Paragraph (4), the following provisions apply:
            (a) The most we will pay for the total of direct physical loss or damage plus debris removal expense is the Limit of Insurance applicable to the Covered Property that has sustained loss or damage.
            (b) Subject to (a) above, the amount we will pay for debris removal expense is limited to 25% of the sum of the deductible plus the amount that we pay for direct physical loss or damage to the Covered Property that has sustained loss or damage. However, if no Covered Property has sustained direct physical loss or damage, the most we will pay for removal of debris of other property (if such removal is covered under this Additional Coverage) is $5,000 at each location.

\*\*\*

    **e. Increased Cost of Construction**
        (1) This Additional Coverage applies only to buildings to which the Replacement Cost Optional Coverage applies.
        (2) In the event of damage by a Covered Cause of Loss to a building that is Covered Property, we will pay the increased costs incurred to comply with the minimum standards of an ordinance or law in the course of repair, rebuilding or replacement of damaged parts of that property, subject to the limitations stated in e.(3) through e.(9) of this Additional Coverage.
        (3) This ordinance or law referred to in e.(2) of this Additional Coverage is an ordinance or law that regulates the construction or repair of buildings or establishes zoning or land use requirements at the described premises and is in force at the time of loss.
        (4) Under this Additional Coverage, we will not pay any costs due to an ordinance or law that:
            (a) You were required to comply with before the loss, even when the building was undamaged; and
            (b) You failed to comply with.
        \*\*\*
        (6) The most we will pay under this Additional Coverage, for each described

building insured under this Coverage Form, is $10,000 or 5% of the Limit of Insurance applicable to that building, whichever is less. If a damaged building is covered under a blanket Limit of Insurance which applies to more than one building or item of property, then the most we will pay under this Additional Coverage, for that damaged building, is the lesser of $10,000 or 5% times the value of the damaged building as of the time of loss times the applicable Coinsurance percentage.

The amount payable under this Additional Coverage is additional insurance

(7) With respect to this Additional Coverage:

(a) We will not pay for the Increased Cost of Construction:

(i) Until the property is actually repaired or replaced at the same or another premises; and

(ii) Unless the repair or replacement is made as soon as reasonably possible after the loss or damage, not to exceed two years. We may extend this period in writing during the two years.

\*\*\*

(8) This Additional Coverage is not subject to the terms of the Ordinance or Law Exclusion to the extent that such exclusion would conflict with the provisions of this Additional Coverage.

\*\*\*

**B. Exclusions and Limitations**

See applicable Causes of Loss form as shown in the Declarations.

**C. Limits of Insurance**

The most we will pay for loss or damage in any one occurrence is the applicable Limit of Insurance shown in the Declarations.

\*\*\*

The amounts of insurance stated in the following Additional Coverages apply in accordance with the terms of such coverages and are separate from the Limit(s) of Insurance shown in the Declarations:

\*\*\*

3.Increased Cost of Construction;

\*\*\*

**D. Deductible**

In any one occurrence of loss or damage (hereinafter referred to as loss), we will first reduce the amount of loss if required by the Coinsurance Condition or the Agreed Value Optional Coverage. If the adjusted amount of loss is less than or equal to the Deductible, we will not pay for that loss. If the adjusted amount of loss exceeds the Deductible, we will then subtract the Deductible from the adjusted amount of loss and will pay the resulting amount or the Limit of Insurance, whichever is less.

When the occurrence involves loss to more than one item of Covered Property and separate Limits of Insurance apply, the losses will not be combined in determining application of the Deductible. But the Deductible will be applied only once per occurrence.
***

### E. Loss Conditions

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
***

### 3. Duties in the Event of Loss or Damage

a. You must see that the following are done in the event of loss or damage to Covered Property:
***

(2) Give us prompt notice of the loss or damage. Include a description of the property involved.

(3) As soon as possible, give us a description of how, when and where the loss or damage occurred.

(4) Take all reasonable steps to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also is feasible, set the damaged property aside and in the best possible order for examination.

(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

(6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
***

(8) Cooperate with us in the investigation or settlement of the claim.
***

### 4. Loss Payment
***

b. The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of or compliance with any ordinance or law regulating construction, use or repair of the property.
***

d. We will not pay you more than your financial interest in the Covered Property.
***

### F. Additional Conditions

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

### 1. Coinsurance

12

If a Coinsurance percentage is shown in the Declarations, the following condition applies:

a. We will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property. Instead we will determine the most we will pay using the following steps:

(1) Multiply the value of Covered Property at the time of loss by the Coinsurance percentage;

(2) Divide the Limit of Insurance of the property by the figure determined in Step (1);

(3) Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step (2); and

(4) Subtract the deductible from the figure determined in Step (3).

We will pay the amount determined in Step (4) or the Limit of Insurance, whichever is less. For the remainder, you will either have to rely on other insurance or absorb the loss yourself.

\*\*\*

## G. Optional Coverages

If shown as applicable in the Declarations, the following Optional Coverages apply separately to each item:

\*\*\*

### 2. Inflation Guard

a. The Limit of Insurance for property to which this Optional Coverage applies will automatically increase by the annual percentage shown in the Declarations.

b. The amount of increase will be:

(1) The Limit of Insurance that applied on the most recent of the policy inception date, the policy anniversary date, or any other policy change amending the Limit of Insurance, times

(2) The percentage of annual increase shown in the Declarations, expressed as a decimal (example: 8% is .08), times

(3) The number of days since the beginning of the current policy year or the effective date of the most recent policy change amending the Limit of Insurance, divided by 365.

\*\*\*

## COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in the commercial Property Coverage Forms.

\*\*\*

## C. Insurance Under Two or More Coverages

If two or more of this policy's coverages apply to the same loss or damage, we will not pay more

than the actual amount of the loss or damage.

13

**D. Legal Action Against Us**

No one may bring a legal action against us under this Coverage Part unless:

     1. There has been full compliance with all of the terms of this Coverage Part; and

     2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

\*\*\*

**G. Other Insurance**

     1. You may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this Coverage Part. If you do, we will pay our share of the covered loss or damage. Our share is the proportion that the applicable Limit of Insurance under this Coverage Part bears to the Limits of Insurance of all insurance covering on the same basis.

     2. If there is other insurance covering the same loss or damage, other than that described in 1. above, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance.

**H. Policy Period, Coverage Territory**

Under this Coverage Part:

     1. We cover loss or damage commencing:

          a. During the policy period shown in the Declarations; and . . .

\*\*\*

**LIMITATIONS ON COVERAGE FOR ROOF SURFACING**
**ACTUAL CASH VALUE – TEXAS**

This endorsement modifies insurance provided under the following:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**
**CONDOMINIUM ASSOCIATION COVERAGE FORM**

The following applies with respect to loss or damage by a Covered Cause of Loss (including wind and hail if covered) to all locations shown in the policy Commercial Property Coverage Part Supplemental Declarations:

Replacement Cost coverage (if otherwise applicable to such property) does not apply to any roof surfacing over fifteen (15) years of age. Instead, we will determine the value of roof surfacing at actual cash value as of the time of loss or damage.

For the purpose of this endorsement, roof surfacing refers to the shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

## CAUSES OF LOSS – SPECIAL FORM

Words and phrases that appear in quotation marks have special meaning. Refer to Section G. Definitions.

**A. Covered Causes of Loss**
When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

**B. Exclusions**
1. We will not pay for loss or damage caused directly or indirectly by any of the following.
Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

    **a. Ordinance Or Law**
    The enforcement of or compliance with any ordinance or law:
    (1) Regulating the construction, use or repair of any property; or
    (2) Requiring the tearing down of any property, including the cost of removing its debris. This exclusion, Ordinance Or Law, applies whether the loss results from:
    (a) An ordinance or law that is enforced even if the property has not been damaged; or
    (b) The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property.

    **b. Earth Movement**
    (1) Earthquake, including tremors and aftershocks and any earth sinking, rising or shifting related to such event;
    (2) Landslide, including any earth sinking, rising or shifting related to such event;
    (3) Mine subsidence, meaning subsidence of a man-made mine, whether or not mining activity has ceased;
    (4) Earth sinking (other than sinkhole collapse), rising or shifting including soil conditions which cause settling, cracking or other disarrangement of foundations or other parts of realty. Soil conditions include contraction, expansion, freezing, thawing, erosion, improperly compacted soil and the action of water under the ground surface.
    ***

2. We will not pay for loss or damage caused by or resulting from any of the following:

***

    d.
    (1) Wear and Tear;
    (2) Rust or other corrosion Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

\*\*\*

(4) Settling, cracking, shrinking or expansion;

\*\*\*

f. Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

\*\*\*

k. Collapse, including any of the following conditions of property or any part of the property:

(1) An abrupt falling down or caving in;

(2) Loss of structural integrity, including separation of parts of the property or property in danger of falling down or caving in; or

(3) Any cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion as such condition relates to (**1**) or (**2**) above.

But if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss.

This exclusion, k., does not apply:

   (a) To the extent that coverage is provided under the Additional Coverage, Collapse; or

   (b) To collapse caused by one or more of the following:

    (i) The "specified causes of loss";

    \*\*\*

    (iii) Weight of rain that collects on a roof;

    \*\*\*

 m. Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

3. We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

 a. Weather conditions. But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph 1. above to produce the loss or damage.

 \*\*\*

 c. Faulty, inadequate or defective

  (1) Planning, zoning, development, surveying, siting;

  (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

  (3) Materials used in repair, construction, renovation or remodeling; or

  (4) Maintenance;

  of part or all of any property on or off the described premises.

 \*\*\*

## C. Limitations

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

1. We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

    \*\*\*

    c. The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

        (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

        (2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

    \*\*\*

## D. Additional Coverage — Collapse

The coverage provided under this Additional Coverage, Collapse, applies only to an abrupt collapse as described and limited in D.1. through D.7.

1. For the purpose of this Additional Coverage, Collapse, abrupt collapse means an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose.

    \*\*\*

3. This **Additional Coverage – Collapse** does not apply to:

    a. A building or any part of a building that is in danger of falling down or caving in;

    b. A part of a building that is standing, even if it has separated from another part of the building; or

    c. A building that is standing or any part of a building that is standing, even if it shows evidence of cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion.

    \*\*\*

## WIND OR HAIL DEDUCTIBLE

**This endorsement modifies insurance provided under the following:**
**BUILDERS RISK COVERAGE FORM BUILDING AND PERSONAL PROPERTY FORM CONDOMINIUM ASSOCIATION COVERAGE FORM**

### SCHEDULE

| Deductible | | |
|---|---|---|
| | Flat Dollar $_____ or | |
| Percentage | % subject to $_____ minimum deductible | |
| Information required to complete this Schedule, if not shown on this endorsement, will be shown in the Declarations. | | |

With respect to loss or damage caused by or resulting from wind or hail, Item D. Deductible is deleted and replaced by the following:

**D. Deductible**

1. In any one occurrence of loss or damage to covered property by wind or hail (hereinafter referred to as loss), we will first reduce the amount of loss if required by the Coinsurance Condition or the agreed Value Optional Coverage. If the adjusted amount of loss is less than or equal to the Deductible, we will not pay for that loss. If the adjusted amount of loss exceeds the Deductible, we will then subtract the deductible from that loss. If the adjusted amount of loss exceeds the Deductible, we will then subtract the Deductible from that adjusted amount of loss, and will pay the resulting amount or the Limit of insurance, whichever is less.

2. The Wind or Hail Deductible is calculated separately for, and applies separately to:

    a.  Each building that sustains loss or damage.
    b.  Personal property at each building, if there is loss or damage to that personal property, subject to 3.b. below.
    c.  Personal in the open.
    d.  Each separately scheduled item not described in items a.-c.

3. When a Flat Dollar deductible is shown, the following provisions apply in addition to paragraphs 1. And 2.:

    a.  We will pay only that part of your loss over the deductible amount.
    b.  If there is damage to both a building and personal property in that building, one deductible will apply to the building and to the personal property in that building.

4. When a Percentage deductible is shown, the following provisions apply in addition to paragraphs 1. and 2.:

    a.  We will calculate the deductible as follows:

        In determining the amount, if any, that we will pay for loss or damage, we will deduct an amount equal to the percentage (as shown in the Schedule) of the Limit(s) of Insurance of covered property that has sustained loss or damage, subject to any minimum Deductible shown in the Schedule.

    b.  In the event tat more than one deductible applies to loss or damage to covered property as a result of one occurrence, the largest applicable deductible will apply.

## EXCLUSION – OF COSMETIC DAMAGE TO ROOF COVERINGS CAUSED BY WINDSTOM OR HAIL

**Schedule**

| Premises Number | Building Number |
|---|---|
| 1 | 1-2 |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||

With respect to the location(s) indicated in the Schedule, the following provisions apply.

This insurance does not apply to cosmetic loss or damage to roof coverings caused by the perils of windstorm or hail.

Cosmetic loss or damage means damage that alters the physical appearance of the roof coverings but does not result in damage that allows the penetration of water through the roof coverings or does not result in the failure of the roof coverings to perform their intended function to keep out the elements.

Unless otherwise excluded elsewhere in this policy, we do cover windstorm or hail damage to roof coverings that results in damage that allows the penetration of water through the roof coverings or that results in the failure of the roof coverings to perform their intended function to keep out the elements.

For the purpose of this endorsement, roof coverings refers to the shingles, tiles, cladding, metal or synthetic sheeting, metal components or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

The assertion of any specific provision of the Policy in this Answer is not intended to serve as a waiver or abandonment of any other applicable provisions of the Policy, which is asserted and incorporated herein in full by reference.

### Second Defense
### Failure of Conditions Precedent

13.    Plaintiff has failed to comply with one of more provisions of the Policy and, therefore, is precluded from bringing suit to enforce the Policy. The Commercial Property Condition of the Policy expressly states:

D. Legal Action Against Us
No one may bring a legal action against us under this Coverage Part unless:
1. There has been full compliance with all of the terms of this Coverage Part, and

19

> 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

14.     Specifically, Plaintiff has failed o fulfill its duties after a loss as required by the

Policy, including but not limited to:

> (2) Give us prompt notice of the loss or damage. Include a description of the property involved.
> (3) As soon as possible, give us a description of how, when and where the loss or damage occurred.
> (4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.
> (5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.
> (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records, including financial records and tax returns. Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
> ***
> (8) Cooperate with us in the investigation or settlement of the claim.

15.     Accordingly, because Plaintiff has not met all conditions precedent to filing this

lawsuit, Plaintiff is contractually precluded from bringing suit against Defendant.

### Third Defense
### <u>Lack of Coverage Precludes Extra-Contractual Liability</u>

16.     The existence of coverage for an insurance claim is necessary to establish the basis

of claims for violations of the Texas Insurance Code and the common-law duty of good faith and

fair dealing.  Because Plaintiff's allegations are generally based upon Defendant's alleged failure

to investigate the claim and pay policy benefits, the absence of coverage for the allegedly unpaid

amounts of the underlying insurance claim precludes the extra-contractual claims against Defendant as a matter of law.

### Fourth Defense
### *Bona Fide* Dispute

17.    Under Texas law, an insured bringing an action against its insurer for an alleged breach of a duty of good faith and fair dealing, whether under the common law or as authorized by statute, must carry the burden of proof to establish that the insurer unreasonably denied or delayed payment of an insurance claim when the insurer's liability had become reasonably clear. At all times material to this lawsuit, Defendant's liability was not "reasonably clear."  In other words, nothing more than a *bona fide* coverage dispute exists between the parties, which does not permit Plaintiff to recover extra-contractual damages in this case.

### Fifth Defense
### Proportionate Responsibility

18.    Plaintiff's damages, if any, are the result, in whole or in part, of Plaintiff's own fault, acts and/or omissions, negligence, breach of duty, violation of statute, and/or breach of contract or that of its agents, representatives, or employees.  For example, but without limitation, Plaintiff or Plaintiff's authorized agents or representatives failed to properly maintain the Property and failed to repair damages stemming from a prior insurance claim from prior weather events.

### Sixth Defense
### Tolling of Penalties

19.    Plaintiff's live pleading seeks recovery of statutory penalties under Chapter 542 of the Texas Insurance Code, which regulates the prompt payment of claims.  Defendant denies liability under this statute; however, if upon final hearing and trial, the fact finder determines that there have been violations of this statute, Defendant urges the Court to determine that all penalties during any delays attributable to Plaintiff or Plaintiff's attorneys should be tolled.

**Seventh Defense**
**Failure to Mitigate**

20.    Plaintiff's causes of action against Defendant are barred, in whole or in part, because the Plaintiff has failed to take reasonable action(s) to mitigate damages.  This includes, but is not limited to, Plaintiff's failure to properly maintain the Property and failure to repair damages stemming from both the Claim and weather event at issue in this lawsuit and prior weather events.

**Eighth Defense**
**Due Process and Equal Protection**

21.    To the extent Plaintiff seeks punitive or additional damages, Defendant invokes its right under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. Defendant affirmatively pleads that Plaintiff's pleading of punitive and/or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments.

22.    To the extent Plaintiff prays for punitive or additional damages, Defendant asserts that such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, the provisions of the Eighth Amendment to the United States Constitution, and the Constitution of the State of Texas, Article I, Sections 13 and 19.

**Ninth Defense**
**Punitive Damage Limitation**

23.    With respect to Plaintiff's claims for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §§ 41.002–41.009.

**Tenth Defense**
**Deductible**

24.      To the extent any damage to the covered property is determined by the factfinder to be the result of a covered cause of loss and not otherwise excluded by the provisions of the policy, Plaintiff's recovery is subject to the $71,400 Wind or Hail deductible for Building 1 and the $5,000 Wind or Hail deductible for Building 2.

**Eleventh Defense**
**Limits of Liability**

25.      Any recovery by Plaintiff is subject to the policy limits of the applicable insurance policy. In addition, Plaintiff may not recover more than its financial interest in the Property.

**Twelfth Defense**
**Excessive Demand**

26.      Defendant asserts that Plaintiff is not entitled to attorney's fees as it has asserted an excessive demand.  Plaintiff has acted unreasonably and in bad faith by demanding monies to which it is not entitled under the Policy, thereby making the demand unreasonable and, consequently, excessive. More specifically, in Plaintiff's counsel's demand letter dated April 28, 2023, Plaintiff demanded more than $180,251.04 in damages.

**Thirteenth Defense**
**Loss Settlement Provisions**

27.      Defendant relies on the loss settlement provisions set forth in the relevant insurance policy limiting loss payments to actual cash value except as set forth in the policy.

**Fourteenth Defense:**
**Non-Segregation of Damages**

28.      Defendant asserts that Plaintiff has failed to segregate damages cause by covered damage to the Property under the Policy and causes of loss to the Property uncovered under the policy, including, but not limited to unrepaired damages to the Property remaining from a 2012

23

hail claim and a 2006 wind claim, both of which Plaintiff made claims for damage to the Property's prior insurer.

**Fifteenth Defense:**
**Chapter 542A May Limit or Preclude Recovery of Attorneys' Fees.**

29.     Chapter 542A of the Texas Insurance Code applies to Plaintiff's lawsuit as it is an action on a claim under an insurance policy covering real property that arises from alleged hail damage. Texas Insurance Code § 542A.003 requires that Plaintiff provide written notice to Defendant not later than the 61st day before the date Plaintiff filed an action to which Chapter 542A applies that must include:

(1)  a statement of the acts or omissions giving rise to the claim;

(2) the specific amount alleged to be owed by the insurer on the claim for damages to or loss of covered property; and

(3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

30.     Furthermore, if an attorney or other representative gives the notice required under Chapter 542A, the attorney or other representative must:

(1) provide a copy of the notice to the claimant; and

(2) include in the notice a statement that a copy of the notice was provided to the claimant.

31.     On November 27, 2023, Plaintiff's counsel sent a demand letter to Defendant in which Plaintiff demanded $180,251.04 to settle this case, but did not state the specific amount alleged to be owed on the claim for damage to or loss of covered property. Therefore, Plaintiff's demand does not provide presuit notice as required by Tex. Ins. Code § 542.003.

32.     Accordingly, pursuant to Tex. Ins. Code § 542A.007(d), the Court may not award Plaintiff any attorney's fees incurred after the date Defendant filed its original answer asserting

this defense (July 15, 2024). In the alternative, to the extent the referenced demand letter is deemed timely and compliant with the presuit notice requirements under Chapter 542A, the provisions of § 542A.007(a) and (c) may limit or preclude recovery of attorney's fees based on the excessive amounts demanded by Plaintiff.

**Sixteenth Defense**
**<u>No Breach of Policy</u>**

33.     Plaintiff's claim has been properly investigated, adjusted, and evaluated. There has been no breach of the Policy, thereby precluding recovery of damages pursuant to any contractual and extra-contractual theory of liability, including but not limited to violation(s) of the Texas Insurance Code, Texas Deceptive Trade Practices Act, or for breach of the duty of good faith and fair dealing.

**III. <u>PRAYER</u>**

WHEREFORE, PREMISES CONSIDERED, Defendant Scottsdale Insurance Company respectfully prays that Plaintiff take nothing from Defendant and that Defendant recover its costs, fees, and expenses, and for such other and further relief to which it may show itself justly to be entitled.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT SCOTTSDALE INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
C Daniel DiLizia
Texas Bar No. 24099800
Southern District No. 2970159
ddilizia@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF this the 25th day of October, 2024 to:

Douglas E. Pennebaker
Eric A. Quiroz
Furlow Law Firm
8610 N. New Braunfels, Ave., Ste. 707
San Antonio, Texas 78217
doug@pennebakerlaw.com
eric@pennebakerlaw.com


*/s/ Patrick M. Kemp*
Patrick M. Kemp